**Feng Ying LI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
**Respondent.**

**Docket No. 02–8414–AG.**

United States Court of Appeals,
Second Circuit.

July 1, 2005.

Theodore N. Cox, New York, NY, for Petitioner.

Brian M. McCarthy, Assistant United States Attorney, Western District of New York, Rochester, N.Y. (Michael A. Battle, United States Attorney, Western District of New York, on the brief), for Respondent.

Present: OAKES, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review be **DENIED.**

Feng Ying Li petitions for review of a November 27, 2002 order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ"). The IJ denied Li's application for asylum and withholding of removal pursuant to the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1158, 1231(b)(3) and ordered her removal from the United States to China. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

Li argues that the IJ erred in concluding that she was not credible. We review the IJ's credibility finding under the substantial evidence standard. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) *(per curiam).* This Court "must uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). The BIA's decision must be affirmed unless the evidence "presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). For reversal, the evidence in the record must "not only *support*[ ] th[e] conclusion [that the applicant is eligible for asylum], but *compel*[ ] it." *Id.* at 481 n. 1, 112 S.Ct. 812 (emphasis in original). As the BIA summarily affirmed the IJ, we review the decision of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) *(per curiam).*

The IJ's adverse credibility finding was supported by substantial evidence, specifically by inconsistencies in Li's account of her asylum interview that lead the IJ to conclude that Li was lying about what she had told the asylum officer, and by Li's inconsistent testimony as to the date of her

sterilization. Li's asylum application was therefore appropriately denied. As Li's asylum claim fails, so must her withholding of removal claim. *See Zhou Yun Zhang*, 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen*, 344 F.3d at 276.

Li next argues that the BIA erred in summarily affirming the decision of the IJ. The BIA can adopt the IJ's decision as the "final agency determination" under 8 C.F.R. § 1003.1(e)(4)(ii). All that is required is that the IJ's decision "contains sufficient reasoning and evidence to enable [this Court] to determine that the requisite factors were considered." *Arango–Arandondo v. INS*, 13 F.3d 610, 613 (2d Cir. 1994). Here, the IJ's decision meets that standard.

We have considered all of Li's claims and find them to be without merit. For the reasons set forth above, Li's petition for review is hereby **DENIED**.